# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY HAMPTON,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | No. 3:19-cv-00737 |
| v.    ) | |
| ) | JUDGE RICHARDSON |
| GREEN DOT,    ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM OPINION

Anthony Hampton, an inmate of the Federal Correctional Institution Memphis in Memphis, Tennessee, filed this pro se, in forma pauperis action against Green Dot. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

1

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. Alleged Facts

The complaint alleges that the Internal Revenue Service ("IRS") provides a "Quick Cash Refund" service through Defendant Green Dot, a financial company that issues tax refunds via charge cards. (Doc. No. 1 at 2). According to the complaint, Plaintiff requested that the IRS issue his federal income tax refund to him by way of the Quick Cash Refund program. According to the complaint, the amount of Plaintiff's federal income tax refund was $3478.90. Green Dot mailed Plaintiff's charge card to him while he was incarcerated. His charge card was stolen out of his mailbox and cashed. Plaintiff notified Green Dot, and the company assured him that he would be reissued another card. Plaintiff has never received another card. He repeatedly has contacted Green Dot's Dispute Resolution Department but has not received any response. Without Plaintiff's income tax refund, Plaintiff's wife and children could not afford to pay the rent and had to move out of their home.

## IV. PLRA Screening

The federal courts of the United States are not courts of general jurisdiction. Rather, they are empowered to hear only those cases falling within the judicial power of the United States as

defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. Because the issue of the court's subject-matter jurisdiction to hear a case is a threshold issue, it may be reviewed by the court at any time. *See New Hampshire Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009); *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Lewis v. Whirlpool Corp.*, 630 F.3d 484, 487 (6th Cir. 2011). Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Typically, a plaintiff establishes a federal court's subject-matter jurisdiction by demonstrating that a right created by the Constitution or laws of the United States is an essential element of the claim, so that federal-question jurisdiction exists under 28 U.S.C. § 1331, or by demonstrating that the plaintiff and the defendant are citizens of different states and that the amount in controversy meets a requisite level, so that diversity jurisdiction exists under 28 U.S.C. § 1332.

In the instant action, even when the Court construes the complaint liberally as required for pro se litigants, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000), there are no facts alleged showing that the Court has either diversity or federal-question jurisdiction over this lawsuit. The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Doc. No. 1 at 2); however, the complaint does not allege that a right created by the Constitution or laws of the United States is an essential element of Plaintiff's claim. Instead, the complaint cites Tennessee state law in support of Plaintiff's

allegation that "Green Dot is trying to deny [his] money in use of 'The Bad Faith Statute.'" (*Id*. at 3). And, because the complaint does not allege the citizenship of Defendant, the Court cannot find that diversity jurisdiction exists and, in any event, Plaintiff seeks an award of $20,000 in damages, which is an insufficient amount in controversy for establishing diversity jurisdiction.

This Court is charged with the duty of assessing its own jurisdiction and must sua sponte dismiss a case in which subject-matter jurisdiction is lacking, *see Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487 (6th Cir. May 1, 2001), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that the Court "must dismiss" an action if the court determines that it lacks subject-matter jurisdiction. Accordingly, because there is no basis in the complaint for the assertion of subject-matter jurisdiction over this lawsuit, the action must be dismissed.

## V. Conclusion

Plaintiff's allegations suggest that he has suffered an unfortunate and unfair financial loss for which he understandably seeks some remedy. But he must go to the right venue to seek any remedy to which he is entitled. This Court is not the right venue because, for the reasons set forth above, this Court lacks subject-matter jurisdiction over this lawsuit. Therefore, this action will be dismissed without prejudice. 28 U.S.C. § 1915A.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE